**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

In re:   Amanda Leigh Morris                Chapter 13
                                            Case No. 24-60139

      Debtor(s)

**AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING**

The attached plan is an amended plan that replaces the ☒confirmed or ☐ unconfirmed plan dated February 14, 2025.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on Thursday, March 5, 2026, at 9:30 am, Via Zoom before Judge Connelly. The parties shall not appear in person. The Meeting ID for the hearing is 160 369 2643, and may be accessed by using the following link: https://vawb-uscourts-gov.zoomgov.com/j/1603692643. For more instructions on how to access the hearing, please see the Court's website at www.vawb.uscourts.gov.

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| 2.1 – 2.5 | Increased monthly payment, added funds on hand, increasing base gross | N/A | N/A |
| 3.1 & 3.5 | Surrendered real estate to Freedom Mortgage and Villas at Southern Ridge and added how much Trustee has paid as of 1/30/2026 | Freedom Mortgage | Surrendering real estate to Freedom Mortgage and Villas at Southern Ridge and adding how much Trustee has paid as of 1/30/2026 |
| 4.2 | Increased Trustee's commission | N/A | N/A |
| 4.3 | Added Attorney's fees | N/A | N/A |
| 5.1 | Increased payout to GUCs | GUCs | Increasing payout |

/s/ Marshall M. Slayton
Marshall M. Slayton

*Counsel for the debtor shall file a separate certification of mailing and/or service of the amended chapter 13 plan and this cover sheet, unless the Court orders otherwise.*

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Amanda Leigh Morris** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | **24-60139** |
| (If known) | |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

2.1 – 2.5 – Increased monthly payment, added funds on hand, increased base gross.
3.1 & 3.5 – Surrendered real estate to Freedom Mortgage and Villas at Southern Ridge and added how much Trustee has paid as of 1/30/2026
4.2 – Increased Trustee's commission
4.3 – Added attorney's fees
5.1 – Increased payout to GUCs

Notice: All creditors

Official Form 113
# Chapter 13 Plan – 4th Amended                                  12/17

---

### Part 1:   Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☒ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☒ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☒ Included | ☐ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1       Debtor(s) will make regular payments to the trustee as follows:**

**$891.00** per **Month** for **42** months **beginning 2/26/25**.

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor     **Amanda Leigh Morris**                                    Case number     **24-60139**

**2.2     Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☒     Debtor(s) will make payments pursuant to a payroll deduction order.
☐     Debtor(s) will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☒     Debtor(s) will retain any income tax refunds received during the plan term.

☐     Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐     Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐     **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☒     Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
      **$13,285.99 funds received by the Trustee as of 1/27/2026.**

**2.5     The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $50,707.99.**

| Part 3: | **Treatment of Secured Claims** |

**3.1     Maintenance of payments and cure of default, if any.**

*Check one.*

☐     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒     The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Thrift Savings Plan - USPS** | **Thrift Savings Plan: Thrift Savings Plan** | **$139.64**  Disbursed by: ☐ Trustee ☒ Debtor(s) | Prepetition: **$0.00** | **0.00%** | **$0.00** | **$0.00 by Trustee** |

*Insert additional claims as needed.*

**3.2     Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

Debtor     **Amanda Leigh Morris**                          Case number     **24-60139**

☒          **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3      Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐          **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒          The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Capital One Auto Finance, Inc. – POC#16 | 2018 Nissan Rogue 83,788 miles Location: 1252 Villa Lane Unit D, Charlottesville VA 22903 TAV 2023 | $15,160.56 | 9.50% | $346.12 x 54 plus $157 x 6 month for AP payments<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $19,902.33 |
| Louisa County – POC#3 | 2018 Nissan Rogue 83,788 miles Location: 1252 Villa Lane Unit D, Charlottesville VA 22903 TAV 2023 | $1,067.64 | 10.00% | $22.68 x 60 months<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $1,360.80 |

*Insert additional claims as needed.*

**3.4      Lien avoidance**.

*Check one.*
☒          **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

*Check one.*
☐          **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☒          The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Freedom Mortgage Corporation – POC #19 (see part 8.1B) | 1252 Villa Lane Unit D Charlottesville, VA 22903  Albemarle County |
| Villas at Southern Ridge – POC #21 (See part 8.1B) | 1252 Villa Lane Unit D Charlottesville, VA 22903 The Trustee has paid $224.60 as of 1/30/2026 |

Official Form 113                          **Chapter 13 Plan**                          Page 3

Debtor    **Amanda Leigh Morris**                              Case number    **24-60139**

*Insert additional claims as needed.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1      General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,071.00.**

**4.3      Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**5,710.00**. **See Part 8.1A**

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐       **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒       The debtor(s) estimate the total amount of other priority claims to be **$2.00 [IRS $1; VDT $1]**

**4.5      Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒       **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐       The sum of $         .

☒       **81**   % of the total amount of these claims, an estimated payment of $   **18,437.26**   .

☐       The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **0.00**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐       **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☒       The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Mohela/dept Of Ed** | **$132.31** | **$0.00** | **$0.00 by Trustee** |
|  | Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) |  |  |

*Insert additional claims as needed.*

Official Form 113                              **Chapter 13 Plan**                              Page 4

Debtor   **Amanda Leigh Morris**                                      Case number   **24-60139**

**5.3**        **Other separately classified nonpriority unsecured claims.** *Check one*.

☒        **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**        **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒        **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:**   **Vesting of Property of the Estate**

**7.1**        **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒   plan confirmation.
☐   entry of discharge.
☐   other: _____

**Part 8:**   **Nonstandard Plan Provisions**

**8.1**        **Check "None" or List Nonstandard Plan Provisions**
☐        **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**A.  Attorney's Fees.  Attorney's Fees noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to.  Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3.1, 3.4, 4.4, 5.1, 5.2, 5.3, and 6.1 herein, except that attorney's fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 4.5.  Debtor(s)' attorney will be paid $5,710.00 balance due of the total fee of $5,710.00 concurrently with or prior to the payments to remaining creditors.  The $5,710.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:**

**(i)  $4,750.00:  Fees to be approved, or already approved, by the Court at initial plan confirmation;**
**(ii)  $480.00:  Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #72: $480.00; ECF #      : $        ] ;**
**(iii)  $480.00:  Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.**

**B.  Deficiency Claims for Surrendered Property.  Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral.  Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.**

**C.  Treatment of Claims.  All creditors must timely file a proof of claim to receive payment from the Trustee.  If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.  If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.  The Trustee may adjust the monthly disbursement as needed to pay an allowed secured claim in full.**

| Debtor | **Amanda Leigh Morris** | Case number | **24-60139** |
|---|---|---|---|

**D. Executory Contracts in Part 6.1 - The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated in 6.1 above.**

**E. Student Loans provided for under Paragraph 5. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans, servicers and guarantors (Collectively referred to hereafter as "Ed"): The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education William D. Ford Federal Direct Loan Program, including but not limited to the Public Service Loan Forgiveness program, without disqualification due to his/her bankruptcy, if otherwise eligible under Federal law. Any direct payments made from the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled prepetition, including but not limited to the Public Service Loan Forgiveness program, or pursuant to applicable federal regulations. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.**

**F. Post-petition Mortgage Fees & Expenses – Any fees, expenses, or charges accruing on claims set forth in Part 3.1 of this plan which are noticed to the Debtor pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the Debtor's plan to be paid. Instead, any such fees, expenses, or charges shall, if allowed, be payable by the Debtor outside the plan unless the Debtor chooses to modify the plan to provide for them.**

**G. Secured Claims in Part 3.3 will be paid in full and shall retain the lien securing its claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under 11 U.S.C. § 1328 or (iii) such lien is otherwise avoided by separate Court Order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the plan, secured Claims in Part 3.3 shall retain its lien to the extent recognized by applicable nonbankruptcy law.**

| | | | | |
|---|---|---|---|---|
| Debtor | **Amanda Leigh Morris** | | Case number | **24-60139** |

---

Part 9:      **Signature(s):**

**9.1      Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   /s/ Amanda Leigh Morris                              X   _____

**Amanda Leigh Morris**                                       Signature of Debtor 2
Signature of Debtor 1


Executed on    01/30/2026                                Executed on   _____


X   /s/ Marshall M. Slayton                              Date   01/30/2026

**Marshall M. Slayton VSB #37362**
Signature of Attorney for Debtor(s)


**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor     **Amanda Leigh Morris**                          Case number     **24-60139**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$21,263.13** |
| d. | **Surrender of collateral** *(Part 3, Section 3.5 total)* | **$224.60** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$10,783.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$18,437.26** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* | + **$0.00** |
| | **Total of lines a through j** | **$50,707.99** |